UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICIA B. FRENCH,

                        Plaintiff,

    v.                                            **DECISION AND ORDER**
                                                        05-CV-480S

WANDA MANKA, JAMES A. MANKA,
and PETER A. MANKA, SR.,

                        Defendants.

       1.      Plaintiff Patricia French commenced this personal injury action in New York State Supreme Court by filing a Summons with Notice in the Erie County Clerk's Office on April 29, 2005. Defendants Wanda, James, and Peter Manka filed a Notice of Removal in the United States District Court for the Western District of New York on July 11, 2005. Currently before this Court is Plaintiff's Motion to Remand this Action to New York State Supreme Court pursuant to 28 U.S.C. § 1447.[1]

       2.      Under certain circumstances, a civil action originally filed in state court may be removed to federal district court. 28 U.S.C. § 1441. However, the federal court may only entertain the suit if it has jurisdiction over the subject matter of the action. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is well established that the party asserting federal jurisdiction "bears the burden of proving that the case is properly in federal court . . . ." United Food & Commercial Workers Union v. Centermark Prop. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). If the district court lacks subject matter jurisdiction, a remand to state court is mandatory. Id.; see also Westmoreland Capital Corp. v. Findlay, 100 F.3d 263, 266 (2d Cir.

---

[1] In support of her motion, Plaintiff filed an attorney affirmation with exhibits and reply affirmation with exhibits. Defendants filed an attorney affidavit in opposition.

1996); New York v. Justin, 237 F. Supp. 2d 368, 371 (W.D.N.Y. 2002).

3. In their Notice of Removal, Defendants assert that removal was proper based upon diversity of citizenship. Congress has consistently authorized the federal courts to exercise jurisdiction based on the diverse citizenship of parties. Caterpillar v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 472, 136 L. Ed. 2d 437 (1996); see also 28 U.S.C. § 1332 (a)(1). As a general rule, complete diversity must exist both at the time the action was commenced in state court and when it is removed to federal court. Centermark, 30 F.3d at 301.

4. An action is removable based upon diversity of citizenship "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). In other words, there is no diversity of citizenship for removal purposes if any one of the defendants is a citizen of the State in which the case was originally filed. Caterpillar, 519 U.S. at 68.

5. As noted above, this action was commenced in New York State Supreme Court. According to the Complaint, all of the parties were citizens of New York at the time this action was commenced. (Compl., ¶¶ 1-4). Although Plaintiff now lives in the State of California (Smith Aff., ¶ 9), all of the named Defendants continue to reside in the State of New York where this action was commenced. Based on the foregoing, it is clear that there is no diversity of citizenship for removal purposes. Because this Court lacks subject matter jurisdiction, this case must be remanded to state court. See 28 U.S.C. § 1447(c).[2]

6. For the foregoing reasons, this Court finds that it lacks subject matter jurisdiction over this action. Accordingly, Plaintiff's Motion to Remand is granted.

IT HEREBY IS ORDERED that Plaintiff's Motion to Remand (Docket No. 2) is GRANTED.

---

[2] Having found that there is no diversity of citizenship for removal purposes, this Court need not address Plaintiff's argument that Defendants' Notice of Removal was not timely filed.

FURTHER, that the Clerk of the Court shall take the steps necessary to remand this case to the New York State Supreme Court, County of Erie.

      SO ORDERED.


Dated:    February 14, 2006
           Buffalo, New York

                                                    /s/William M. Skretny
                                                 WILLIAM M. SKRETNY
                                       United States District Judge